Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Heather Hamlin

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEATHER HAMLIN,**<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN EXPRESS COMPANY; EXPERIAN INFORMATION SOLUTIONS, INC.; AND EQUIFAX INFORMATION SERVICES, LLC,**<br><br>Defendants. | **CASE NO:** '19CV1271 JAH MDD<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681 ET SEQ.; AND**<br>2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §1785.3 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Congress recognized consumers' frequent need for quick access to their accurate and unambiguous credit history in almost every essential aspect of their lives from employment and renting a place to live, to legitimate business needs, including extending a credit line or entering into important business transactions with others. *See e.g. Guimond v. TransUnion Credit Info. Co.*, 45 F.3d 1329, 1333(9th Cir. 1995) ("The FCRA was the product of congressional concern over abuses in the credit reporting history."); *see also Kates v. Crocker National Bank,* 776 F.2d 1396, 1397 (9th Cir. 1985) (holding that FCRA was crafted to protect consumers from the transmission of inaccurate information about them).

2. As a result, Congress enacted and subsequently amended the Fair Credit Reporting Act to require both credit reporting agencies and furnishers of information to adopt reasonable procedures for meeting the needs of commerce for consumer credit information in a manner that is fair and equitable to the consumer. 15 U.S.C. § 1681s-2; *see also Nelson v. Equifax Info. Serv., LLC,* 522 F. Supp. 2d 1222, 1229 (C. Cal. 2007) (FCRA Section 1681s-2 imposes duties on furnishers of information to CRAs to help achieve the FCRA's purpose [to treat consumers fairly and equitably].")

3. Congress determined the banking system is dependent upon fair and accurate credit reporting and that inaccurate credit reports directly impair the efficiency of the banking system and undermine the public confidence. *See* 15 U.S.C. §1681(a). Congress' explicit purpose of enacting the Fair Credit Reporting Act was to require reasonable procedures for meeting the needs of consumer credit while doing so in a manner that is fair and equitable to consumers with regards to the confidentiality, accuracy, relevance, and proper utilization of such information. 15 U.S.C. §1681(b).

4. Heather Hamlin, ("Plaintiff"), through her attorneys, brings this action against American Express Company ("American Express"); Experian Information Solutions, Inc. ("Experian"); and Equifax Information Services, LLC ("Equifax") (collectively "Defendants") for violations of: (i) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 et seq. ("CCCRAA").

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of federal law: the FCRA.

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for the supplemental state claim.

11. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

12. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all

material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants' personal jurisdiction in this district is established.

## PARTIES

13. Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 et seq. and California Civil Code § 1785.3(b).

14. Plaintiff resides in the City of San Marcos, County of San Diego, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant American Express is, and at all times mentioned herein was, a New York Corporation, headquartered in New York, and authorized to conduct business in the State of California.

16. American Express is a furnisher of information as contemplated by the FCRA, 15 U.S.C. § 1681s- 2(a) & (b), which regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies ("CRAs"), about consumer transactions or experiences with any consumer.

17. Defendants, are and at all times mentioned herein were, "person[s]" as defined by 47 U.S.C. § 153 (39).

18. Defendants Equifax and Experian are both nationwide Credit Bureaus that report information regarding individual consumer credit files as part of their regular business practices, and thus are "consumer reporting agenc[ies]" ("CRAs") as that term is defined by 15 U.S.C. § 1681a(f), and Cal. Civ. Code § 1785.3(d).

19. Defendant Equifax is headquartered in Atlanta, Georgia, and regularly conducts business in the State of California, County of San Diego.

20. Defendant Experian is headquartered in Costa Mesa, California, and regularly

conducts business in the State of California, County of San Diego.

21. Defendants Equifax and Experian (collectively the "Credit Bureaus") regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

22. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

23. Prior to January 2017, Plaintiff is alleged to have incurred certain financial obligations to Defendant American Express (the "Debt").

24. Sometime thereafter, but before January 2017, Plaintiff allegedly fell behind on payments owed on the Debt.

25. Accordingly, on January 3, 2017, American Express filed a complaint in the Superior Court of California, County of San Diego alleging Plaintiff owed amounts on the Debt—Book Account, Account Stated, and Quantum Merit causes of action. (Case No. 37-2017-00000018-CL-CL-NC).

26. Ultimately, Plaintiff and American Express agreed to resolve this matter.

27. On December 26, 2017, Plaintiff and American Express entered into a settlement agreement and release with a stipulation for future entry of judgment.

28. Said stipulation, among other things released Plaintiff from liability in exchange for monthly payments towards the Debt.

29. Following American Express and Plaintiff's stipulation, Plaintiff has and continues to fulfill her obligations by making timely monthly payments in accordance with the agreement.

30. To Plaintiff's shock, despite the resolution of Plaintiff's Debt, American Express falsely represents that Plaintiff's American Express account is "charged off" — "indicat[ing] that the creditor has treated the account receivable as 'bad debt' or 'a loss or expense because *payment is unlikely*." *Nissou - Rabban v. Capital One Bank United States*, No. 15cv1673-JAH (RBB) 2018 U.S. Dist. LEXIS 10619 at *1 n. 1 (S.D. Cal. Jan. 23, 2018) (emphasis added).

31. Instead, due to Plaintiff's continuous and timely payments, Plaintiff's American Express Account is current.

32. The implications of said Stipulation and Plaintiff's compliance with the terms of the agreement would preclude any adverse actions by American Express against Plaintiff, including refraining from negative credit reporting and collection on the Debt.

33. Nonetheless, American Express continues to represent the account as a charge off.

34. By failing to report information consistent with Plaintiff's settlement and after receiving each of Plaintiff's timely payments, American Express furnished inaccurate and derogatory information as set forth herein. Indeed, American Express reported information to the Credit Bureaus, credit reporting agencies, that it had reason to know or should have known was inaccurate. By furnishing information as it did, American Express violated California Civil Code section 1785.25(a).

35. Similarly, the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A), prohibits a person from furnishing information relating to any consumer reporting agency if the

person knows or has reasonable cause to believe that the information is inaccurate.

36. The FCRA, 15 U.S.C. § 1681s-2(a)(2), provides that a person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer, and (B) has furnished to a consumer reporting agency information that the person determines is not complete and accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains incomplete or inaccurate.

37. American Express regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about American Express's transactions or experiences with Plaintiff, a consumer.

38. American Express received and accepted each of Plaintiff's timely monthly payments in accordance with their written agreement, then furnished information directly to the contrary—that essentially the Debt was a loss and payment was unlikely.

39. These acts and practices constitute violations of the FCRA, 15 U.S.C. § 1681s-2(a)(2) and the CCCRAA, Cal. Civ. Code § 1785.25(b).

40. American Express' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

41. By furnishing inaccurate information to the Credit Bureaus, American Express has misrepresented the status of Plaintiff's financial obligations, specifically Plaintiff's obligations for a settled account for which payments are ongoing.

42. On February 22, 2019 and again on April 12, 2019, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff mailed each of the Credit Bureaus dispute letters regarding the incorrect credit information. Within the disputes, Plaintiff provided supporting documents including a redacted stipulation agreement marked confidential between Plaintiff and American Express. Plaintiff also included payment receipts for each of her timely payments to date as well as an explanation of American Express' mistakes.

43. Further, Plaintiff's dispute letters to the Credit Bureaus requested the above inaccurate information be removed.

44. The Credit Bureaus and each of them were required to conduct a reasonable investigation into this specific account on Plaintiff's consumer reports pursuant to 15 U.SC. § 1681s- 2(b)(1)(A).

45. Despite Plaintiff's mailed dispute letters, the Credit Bureaus failed to reasonably investigate. Instead, Plaintiff received the following responses:
    - From Equifax on April 24, 2019: "[American Express] has verified to OUR company that the current status is being reported correctly;" Status: Charge Off.
    - From Experian on March 3, 2019 and April 22, 2019: "Outcome: Updated - The information you disputed has been verified as accurate; however information unrelated to your dispute has been updated." The information Experian updated was changing the account status in March and April 2019 from closed to charge off.

46. By inaccurately reporting account information relating to the Debt after Plaintiff's notice and confirmation of its errors, Defendants Equifax and Experian failed to take the appropriate measures as required under the FCRA, 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(D) and (E), and the CCCRAA, Cal. Civ. Code § 1785.16.

47. Upon Plaintiff's dispute letter to the Credit Bureaus, they failed to conduct a reasonable investigation with respect to the disputed information as required by the FCRA, 15 U.SC. § 1681s-2(b)(1)(A), and the CCCRAA, Cal. Civ. Code § 1785.16, by failing to remove and/or correct the disputed and incorrect information. Had the Credit Bureaus even skimmed Plaintiff's Stipulation between American Express and herself, accompanied with over a dozen payment confirmations towards the Debt, the Credit Bureaus should have known the account status as "charge off" was incorrect.

48. Thus, it is evident the Credit Bureaus failed to review all relevant information provided by Plaintiff in her dispute letters, as required by and in violation of the FCRA, 15 U.SC. § 1681s- 2(b)(1)(B), and the CCCRAA, Cal. Civ. Code § 1785.16(b).

49. Due to the Credit Bureaus's failure to reasonably investigate, it further failed to correct and update Plaintiff's information as required by the FCRA, 15 U.S.C. § 1681s-2(b)(1)(D) and (E), and the CCCRAA, Cal. Civ. Code § 1785.16(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and Cal. Civ. Code § 1785.16.

50. The Credit Bureaus' negative reporting of the Debt in light of their knowledge of the actual errors were willful.

51. Plaintiff's right to be able to apply for credit based on accurate information has been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's livelihood.

52. As a further direct and proximate result of Defendants' acts stated herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, suffered humiliation, embarrassment, anxiety, frustration, and emotional distress.

53. As a direct and proximate result of result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including, but not

limited to, reviewing credit reports, sending multiple dispute letters, attorney's fees, and such further expenses in an amount to be determined at trial.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681 ET SEQ.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 et seq.

56. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant individually.

57. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant individually.

## SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1 ET SEQ.

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.

60. In the regular course of its business operations, Defendant American Express routinely furnishes information to credit reporting agencies pertaining to transactions between American Express and American Express' purported consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

61. Defendants Equifax and Experian regularly engage in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, for monetary fees, dues, or on a cooperative nonprofit basis. Cal. Civ. Code § 1785.3(d).

62. Because Defendants are a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish nor report information on a specific transaction or experience if it knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code §§1785.25(a) and 1785.16.

63. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.

64. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); punitive damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A); reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(d); and equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b).

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

### COUNT I

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper.

### COUNT II

- An award of actual damages, in an amount to be determined at trial pursuant to Cal. Civ. Code §1785.31(a)(2)(A), against Defendants;
- An Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and
- Any other relief the Court may deem just and proper.

//
//
//
//
//
//
//

# TRIAL BY JURY

65. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART, APC**

Date: July 10, 2019

By: s/*Yana A. Hart*
Yana A. Hart, Esq.
yana@westcoastlitigation.com
*Attorneys for Plaintiff*